HOUSTON, Justice
(dissenting).
We are reviewing the Court of Civil Appeals’ affirmance of a summary judgment entered for the employer. The employee, *905 while working outside Alabama, suffered an injury for which he would have been entitled to the benefits provided by the Alabama Workmen’s Compensation Act (Ala.Code 1975, §§ 25-5-1 through -231) if the injury had occurred within the State of Alabama. Therefore, the employee would be entitled to Alabama workmen’s compensation benefits provided that at the time of his injury (1) his employment was principally localized in this state (Robinson’s employment was not, as “principally localized” is defined in Ala.Code 1975, § 25 — 5—35(b)); or (2) he was working under a contract of hire made in this state (I cannot find that he was, unless I do violence to the law of contracts) in employment not principally localized in any state (his employment was principally localized in Tennessee); or (3) he was working under a contract of hire made in this state (he was not) in employment principally localized in another state (it was) whose workmen’s compensation law was not applicable to his employer (there is no evidence of this); or (4) he was working under a contract of hire made in this state for employment outside the United States (he was not).
Even considering the evidence most favorably to the employee, which our standard of review requires, I conclude that there was, at most, a fact question only as to whether there was an offer of employment made in Alabama. There was no evidence that the offer was accepted in Alabama. The employer did not communicate in any way with the employee. The employee’s wife, with whom the employer communicated by telephone, did not accept the purported offer. The employee waited at least two, and maybe three, weeks before leaving Alabama to go to Kingsport, Tennessee. The employee did not begin work until he had completed an application for employment, and it was approved by Zula M. Bedell. The offer was for the employee to “come to” or “get up to” Kingsport, Tennessee, in order for him to have employment. The offer dictating the manner of acceptance must be accepted in the manner dictated in order to result in the formation of a contract. Hall v. Integon Life Ins. Co., 454 So.2d 1338 (Ala.1984). Therefore, the earliest time the contract could have been accepted was when the employee went to Tennessee. After that, the employee completed an application for employment, which had to be approved by Ms. Bedell. This all happened in Tennessee.
I respectfully dissent.
MADDOX and STEAGALL, JJ., concur.